IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP

| | |
|---|---|
| CSX TRANSPORTATION, INC.<br>500 Water Street<br>Jacksonville, FL32202-4423<br><br>    Plaintiff,<br><br>  v.<br><br>EMJAY ENVIRONMENTAL RECYCLING, LTD<br>80 Emjay Boulevard<br>Brentwood, NY11717<br><br>    Defendant<br><br>  and<br><br>ISLAND RAIL TERMINAL, INC., MAGGIO SANITATION SERVICE, INC., AND EASTERN RESOURCE RECYCLING, INC.<br>88 Old Dock Road<br>Yaphank, NY11980<br><br>  Garnishees subject to restraining notices. | Civil Action No.  2:12-cv-1865<br><br>Hon. Joanna Seybert, U.S.D.J.<br>Hon. A. Kathleen Tomlinson, U.S.M.J. |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
CSX TRANSPORTATION, INC.'S MOTION FOR TURNOVER OF FUNDS
FROM GARNISHEES ISLAND RAIL TERMINAL, INC., MAGGIO SANITATION,
SERVICE, INC., AND EASTERN RESOURCE RECYCLING, INC.**

## TABLE OF CONTENTS

| | |
|---|---|
| Procedural History | 1 |
| 1. CSX is Entitled to a Turnover of Funds from Island Rail and Guarantors under N.Y. C.P.L.R. §§ 5225 and 5227 | 2 |
| 2. In the Alternative, If Payment Has Been Made by Island Rail and Guarantors by way of settlement with Emjay and other parties in Violation of the Restraining Notices, CSX is Entitled to a Damage Award Against Island Rail and Guarantors under N.Y. C.P.L.R. §5222 | 5 |
| 3. If Payment Has Been Made by Island Rail and Guarantors in Violation of the Restraining Notices, Island Rail and Guarantors Should be held in Contempt of Court until such time as Payment has Been Made in Full to the Judgment Creditor CSX | 8 |
| Conclusion | 10 |

Plaintiff, CSX Transportation, Inc. ("CSX") hereby moves this Court, pursuant to NY. C.P.L.R. §§ 5225(b) and 5227, and Fed. R. Civ. P. 69, for an order compelling Island Rail Terminal, Inc. ("Island Rail"), Maggio Sanitation Service, Inc. ("Maggio Sanitation"), and Eastern Resource Recycling, Inc. ("Eastern Resource")(collectively "Island Rail and Guarantors"), to pay over all funds that are or will be due and owing to Defendant in this matter, Emjay Environmental Recycling, Ltd. ("Emjay"), or that were paid to Emjay or its designees in violation of restraining notices issued to Island Rail and Guarantors on November 12, 2014.

## PROCEDURAL HISTORY

On September 25, 2014, this Court entered an Amended Judgment against Emjay and in favor of CSX in the amount of $1,056,444.15 ("the Judgment," attached as "Exhibit A"). Prior to the entry of judgment, Emjay had sold all or substantially all of its assets to Island Rail pursuant to an Asset Purchase Agreement and Promissory Note for $3,573,011.52. The Promissory Note, Asset Purchase Agreement, and relevant Exhibits to the Asset Purchase Agreement (collectively "the Contract") are attached as "Exhibit B." As a part of the Contract, Maggio Sanitation and Eastern Resource served as guarantors of Island Rail's payments due to Emjay.

CSX served Island Rail and the Guarantors (Maggio Sanitation and Eastern Resource) with restraining notices pursuant to N.Y. C.P.L.R. § 5222 on November 12, 2014 (Restraining notices and affidavits of service attached as "Exhibit C"). The restraining notices explicitly prohibited Island Rail and Guarantors from dispensing of any money and/or property due to Emjay in any way, under penalty of contempt of court and damages. Despite the restraining notice preventing Island Rail and the Guarantors from paying any funds otherwise owed to Emjay, CSX has learned that Island Rail and Guarantors proceeded to negotiate a Settlement Agreement with Emjay and certain creditors and designees of Emjay, pursuant to which Island

1

Rail and Guarantors agreed to pay (despite the CSX restraining notices) for the benefit of Emjay, to certain creditors of Emjay, and Emjay's attorneys Sullivan Gardner, P.C. The Settlement also directs that Sky Materials Corp. (owned by the same principal as Emjay) is to receive a portion of Island Rail's payment through disbursement agreements with those creditors and Emjay's attorneys Sullivan Gardner P.C. This agreement was made without consent of CSX, and the garnishees made no attempt whatsoever to seek a Court Order from this Court allowing them to make payment notwithstanding the restraining notice. This outcome is a clear violation of New York law, particularly N.Y. C.P.L.R. § 5222, which is intended to prohibit such transfers. Garnishees subject to a restraining notice cannot elect to select and pay claims otherwise due the judgment debtor --- while completely ignoring a restraining notice from this Court.

## ARGUMENT

**1. CSX is Entitled to a Turnover of Funds from Island Rail and Guarantors under N.Y. C.P.L.R. §§ 5225 and 5227**

Island Rail and Guarantors owe a total of $3,573,011.52 to Emjay pursuant to a Note in connection with an agreement to purchase Emjay's assets. In November of 2014, Island Rail and Guarantors were served with restraining notices by CSX to prohibit the funds owed from being distributed to Emjay or its designees. So as to enforce the restraining notices, CSX now moves the Court for a turnover of funds.[1]

CSX bases its turnover motion under Federal Rule of Civil Procedure 69. The procedure for recovery pursuant to Fed. R. Civ. P. 69 is governed by New York state rules for judgment enforcement actions. *See* Fed. R. Civ. P. 69(a)(1) judgment enforcement procedure "must accord with the procedure of the state where the court is located."). New York has two provisions providing creditors with a means of obtaining judgments against a third party holding funds or

---

[1] In accordance with N.Y. C.P.L.R. § 5222(b), a judgment creditor has up to one year after service to move for the turnover of funds subject to a restraining notice.

2

property of a judgment debtor: N.Y. C.P.L.R. §§ 5225 and 5227. N.Y. C.P.L.R. § 5225(b) states in relevant part:

> Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest . . . where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor . . . Notice of the proceeding shall also be served upon the judgment debtor in the same manner of a summons or by registered or certified mail, return receipt requested.

Similarly § 5227 states in relevant part:

> Upon a special proceeding commenced by the judgment creditor, against any person who it is shown is or will become indebted to the judgment debtor, the court may require such person to pay the judgment creditor and the debt upon maturity, or so much of it as is sufficient to satisfy the judgment, and to execute and deliver any document necessary to effect payment. Notice of the proceeding shall also be served upon the judgment debtor in the same manner of a summons or by registered or certified mail, return receipt requested.

These provisions have been cited by courts as "essentially interchangeable," especially when the property held under § 5225 is a money debt owed to the judgment debtor. *LaBarbera v. Audax Const. Corp.*, 971 F. Supp. 2d 273, 278 (E.D.N.Y. 2013); *Phoenician Trading Partners LP v. Iseson*, CV-04-2178ICPS), 2004 WL 3152394, at *3 (E.D.N.Y. Dec. 11, 2004); see also Richard C. Reilly, McKinney's N.Y. C.P.L.R. 5227, Practice Commentaries, C5227:3.

As stated in §§ 5225 and 5227, a judgment creditor can require parties in possession of a judgment debtor's property or money to turn that property or money over through a special proceeding. The special proceeding requirement under N.Y. C.P.L.R. §§ 5225 and 5227 is satisfied in federal court when a plaintiff proceeds by motion against a third party holding a judgment debtor's assets. *Tiffany (NJ) LLC v. Dong*, No. 11 Civ. 2183(GBD)(FM), 2013 WL 4046380, at *10 (S.D.N.Y. Aug. 9, 2013)("the CPLR special proceeding requirement satisfied when a plaintiff proceeds by complaint or motion against the third party holding a judgment

3

debtor's assets."); *Mitchell v. Lyons Prof'lServs., Inc.*, 727 F. Supp. 2d 120, 121 (E.D.N.Y. 2010)(finding that where there is no issue of personal jurisdiction a judgment creditor may seek the relief provided under state law through a motion made in the original federal action.); *S.E.C. v. Colonial Inv. Mgmt. LLC*, No. 07-CV-8849 (PKC), 2010 WL 4159276, at *2 (S.D.N.Y. Oct. 6, 2010)("a judgment creditor proceeding under N.Y. CPLR section 5225(b) may proceed by motion and need not institute a separate action."). Therefore, this Court is the proper forum for this remedy, and the instant motion is an acceptable procedure.

There is a two-step analysis courts follow in determining whether property belonging to a judgment debtor—but in the possession of a third party—should be turned over to a judgment creditor. *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991); *Phoenician Trading Partners LP v. Iseson*, CV-04-2178ICPS), 2004 WL 3152394, at *3 (E.D.N.Y. Dec. 11, 2004). First, the judgment debtor, here Emjay, must have an interest in the property the creditor seeks to reach. *Id.* Second, the court must then determine if one of the following are satisfied: 1) the judgment debtor is entitled to the possession of the property, or 2) the judgment creditor's rights are superior to those of the current property holder. *Id.* This analysis is applicable to actions brought under N.Y. C.P.L.R. §§ 5225 and 5227. *AG Worldwide v. Red Cube Mgmt. AG*, No. 01-CV-1228 (GEL), 2002 WL 417251, at *2 (S.D.N.Y. Mar. 15, 2002).

The facts before the Court clearly entitle CSX to payment of the debt due to Emjay but presently held by Island Rail and Guarantors. To satisfy the first element of analysis under *Beauvais* CSX must show that Emjay has an interest in the property of Island Rail and Guarantors. Here this element is easily established. Island Rail and Guarantors owe Emjay pursuant to the terms of a Note for an asset purchase. Island Rail and Guarantors have not paid

4

any of the $3,573,011.52 due under the Note. Therefore Emjay clearly has an interest in the amounts it is owed by Island Rail and Guarantors under the Contract.

Next, CSX must demonstrate that either the judgment debtor (Emjay) is entitled to possession of the property *or* that the judgment creditor's rights are superior to the party currently holding the property. CSX has made both showings. Per the Note, Emjay is due the funds being sought by CSX from Island Rail and Guarantors and therefore is entitled to possession of the property. Second, per this Court's Judgment issued on September 25, 2014, Emjay is indebted to CSX in the amount of $1,056,444.15. The funds withheld by the Island Rail and Guarantors under the Note would otherwise be paid by Emjay to CSX to fulfill the obligations of the Judgment. Clearly, because of the judgment CSX holds against Emjay, CSX is entitled to the debt owed by the Island Rail and Guarantors under the Note. As a result, CSX's Turnover Motion under §§ 5225 and 5227 should be granted.

2. **In the Alternative, If Payment Has Been Made by Island Rail and Guarantors by way of settlement with Emjay and other parties in Violation of the Restraining Notices, CSX is Entitled to a Damage Award Against Island Rail and Guarantors under N.Y. C.P.L.R. §5222**

Alternatively, if payment of the funds in question has recently been made by Island Rail and Guarantors pursuant to a settlement agreement with Emjay and other parties, in blatant disregard of the restraining notices, and without ever requesting an Order from this Court allowing such payment, then CSX has been damaged by Island Rail and Guarantors in the amount of $1,056,444.15 (the amount for which CSX holds a Judgment against Emjay). If Island Rail and Guarantors have paid funds otherwise due to Emjay pursuant to settling other claims by other parties, these distributions were made in clear violation of the restraining notices issued by CSX in November of 2014, and in disregard of this Court's jurisdiction. To remedy a garnishee's disregard of restraining orders, New York permits creditors to collect the amount due

5

as damages assessed against the garnishee. In light of the availability of this remedy, CSX moves this Court for an award of damages in the amount of $1,056,444.15 against Island Rail and the Guarantors.

To protect its interest in the debt owed to Emjay by Island Rail and Guarantors, CSX served Island Rail and Guarantors, individually, with restraining notices as specified in N.Y. C.P.L.R. § 5222 on November 12, 2014. As set forth in § 5222(b)

> A restraining notice served upon a person other than the judgment debtor or obligor is effective only if . . . he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest. . . All property in which the judgment debtor or obligor is known or believed to have an interest then in . . . including any specified in the notice . . . shall be subject to the notice . . . Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt . . . except upon direction of the Sheriff or pursuant to an Order of the Court, until the judgment or order is satisfied or vacated, whichever event first occurs.

As detailed in the statute, any third party upon whom a restraining notice is served **is prohibited from dispensing of the funds or property described in the notice in any way**. Under New York law, any person failing to obey the restraining order risks liability for damages if the judgment creditor can establish that the debt was owed to the judgment debtor and that he had an interest in such property. *Sumitomo Shoji New York, Inc. v. Chem. Bank New York Trust Co.*, 263 N.Y.S.2d 354, 358 (Sup. Ct. 1965) *aff'd*, 267 N.Y.S.2d 477 (1966).

New York courts have decided that the proper mechanism for the enforcement of a restraining notice is a special proceeding under § 5225 or § 5227. *Id.* As described in detail above, the federal court equivalent of the special proceeding is a motion against the third party holding the judgment debtor's assets. *Tiffany (NJ) LLC v. Dong*, No. 11 Civ. 2183(GBD)(FM), 2013 WL 4046380, at *10 (S.D.N.Y. Aug. 9, 2013). A party failing to comply with a restraining notice may be held liable for damages to a judgment creditor. *Cruz v. TD Bank, N.A.*, 711 F.3d

6

261, 268-69 (2d Cir. 2013)(identifying via footnote numerous state court decisions where parties violating restraining notices were found liable for damages); *McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 276 (E.D.N.Y. 2011)("[a] bank served with a restraining notice pursuant to CPLR § 5222 has no discretion in deciding whether or not to honor the notice and may be held liable for damages to a judgment creditor … for not complying with the notice." (quoting *Mazzuka v. Bank of N. Am.*, 280 N.Y.S.2d 495, 499 (Civ. Ct. 1967))); *Fid. Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 180-81 (S.D.N.Y. 2002); *Johnson v. Chem. Bank*, No. 96 CIV. 4262 (SS), 1996 WL 706893, at *4 (S.D.N.Y. Dec. 9, 1996) ("A bank served with a restraining notice pursuant to CPLR § 5222 has no discretion in deciding whether to honor the notice and may be held liable for damages to a judgment creditor, such as The Bank of New York, for not complying with the notice."). The amount of damages extends to the amount transferred in violation of the restraining notice. *Nardone v. Long Island Trust Co.*, 336 N.Y.S.2d 325, 327 (App. Div. 1972) (fixing judgment creditor's damages to the amount of the judgment remaining unsatisfied, but limited to the amount in the account which would have been available to satisfy the judgment.); *Mazzuka v. Bank of N. Am.*, 280 N.Y.S.2d 495, 499 (Civ. Ct. 1967); *Sumitomo Shoji New York, Inc. v. Chem. Bank New York Trust Co.*, 263 N.Y.S.2d 354, 359 (Sup. Ct. 1965) *aff'd*, 267 N.Y.S.2d 477 (1966).

Despite being served with restraining notices by CSX, Island Rail and Guarantors appear to have subsequently ignored the restraining notices and entered into an agreement with other parties and Emjay to dispense the funds owed to Emjay, Emjay's designees, Emjay's counsel, and other parties. What's more, Island Rail and Guarantors never moved for an Order from the Court that issued the restraining notice; they simply disregarded it, and the jurisdiction of this Court. This violation of the restraining notice is the exact type of activity that warrants relief,

including an award of damages in the amount due to CSX. *Id.* When a money judgment is sought for a restraining notice violation, there is no requirement that the violating party have acted willfully. *Doubet, LLC v. Trustees of Columbia Univ. in City of New York*, 32 Misc. 3d 1209(A), 934 N.Y.S.2d 33 (Sup. Ct.) *adhered to on reargument,* 33 Misc. 3d 1227(A), 941 N.Y.S.2d 537 (Sup. Ct. 2011) and *aff'd,* 99 A.D.3d 433, 952 N.Y.S.2d 16 (2012). Rather, a showing of mere negligence in failing to comply with the notice is all that is required. *Id.* However here, considering that Island Rail and Guarantors clearly *knew of the CSX judgment* and were properly *served with the restraining notice,* their conduct was actually willful.[2] Island Rail and Guarantors were on notice that the funds owed to Emjay were not to be released, transferred, or disbursed in any manner, absent an Order from this Court. Despite this notice, Island Rail and Guarantors *purposefully violated the restraining notices* by entering into a Settlement Agreement with Emjay and other parties. Such conduct is precisely what courts have remedied when entering monetary judgments against garnishees for violations of § 5222(b).

   3. **If Payment Has Been Made by Island Rail and Guarantors in Violation of the Restraining Notices, Island Rail and Guarantors Should be held in Contempt of Court until such time as Payment has Been Made in Full to the Judgment Creditor CSX**

Finally if payment has been made by Island Rail and Guarantors in knowing and willful violation of the restraining notices, CSX moves this Court to find that Island Rail and Guarantors are in contempt of court pursuant to N.Y. C.P.L.R. §§ 5222 and § 5251. The restraining notices served upon Island Rail and Guarantors clearly and unambiguously stated that, "disobedience of the Restraining Notice is punishable as contempt of court," as required by N.Y. C.P.L.R. § 5222(a). Furthermore, N.Y. C.P.L.R. § 5251 states in relevant part, "Refusal or willful neglect of

---

[2] Island Rail and the Guarantors initially asked CSX to participate in settlement discussions with Emjay and other parties; however, when CSX objected to large payments being made to companies related to Emjay and Emjay's counsel, CSX was excluded from further discussions.

8

any person to obey a subpoena or restraining notice issued . . . shall each be punishable as a contempt of court." Third parties served with a restraining notice are subject to being held in contempt of court if they fail to comply with the provisions of the restraining notice. *Tire Eng'g & Distribution L.L.C. v. Bank of China Ltd.*, 740 F.3d 108, 110 (2d Cir. 2014) *certified question accepted*, 22 N.Y.3d 1113, 982 N.Y.S.2d 442 (2014) and *certified question withdrawn*, 22 N.Y.3d 1152, 984 N.Y.S.2d 292 (2014) and *certified question answered sub nom. Motorola Credit Corp. v. Standard Chartered Bank*, 24 N.Y.3d 149, 996 N.Y.S.2d 594 (2014)("Sections 5222 and 5225(b) apply to third parties that possess assets in which a judgment debtor has an interest. Section 5222 authorizes the issuance of a restraining notice to prohibit a third party from disposing of a debt owed to the judgment debtor for one year after service of the restraining notice or until the judgment is satisfied or vacated, whichever comes first. Section 5225(b) allows a judgment creditor to commence a proceeding to order a third party to turn over the judgment debtors' assets.").

Once the restraining notice is served, any property or money subject to the notice may not be transferred or assigned. N.Y. C.P.L.R. § 5222. Under New York law, a restraining notice is "like an injunction or an attachment; it is an assertion of state court jurisdiction over the garnishee." *Doubet, LLC v. Trustees of Columbia Univ. in City of New York*, 32 Misc. 3d 1209(A), 934 N.Y.S.2d 33 (Sup. Ct.) *adhered to on reargument*, 33 Misc. 3d 1227(A), 941 N.Y.S.2d 537 (Sup. Ct. 2011) and *aff'd*, 99 A.D.3d 433, 952 N.Y.S.2d 16 (2012). When a garnishee has actual knowledge of the restraining notice, the contempt sanction will be imposed because any failure to abide by the terms of the notice is considered "refusal or willful neglect." *Sec. Trust Co. of Rochester v. Magar Homes, a Div. of R. John Magar & Son Dev. Corp.*, 461 N.Y.S.2d 103, 104 (App. Div. 1983). Island Rail and Guarantors had explicit notice of the

restraining notices issued by CSX. Their decision to enter into the Settlement constitutes a blatant and willful violation of the notices, and such conduct subjects the garnishees to both contempt and personal liability. *Id.*

Disobeying a restraining notice by transferring or releasing property or funds is a contempt of federal court where the restraining order is initiated by a judgment creditor as a means of executing a judgment entered in federal court. *Cordius Trust v. Kummerfeld Associates, Inc.*, 658 F. Supp. 2d 512, 517-18 (S.D.N.Y. 2009). Any payments made by Island Rail and Guarantors pursuant to the Settlement entered into on February 26, 2015, is in blatant violation and disobedience of the restraining notices imposed upon Island Rail and Guarantors in November of 2014. Such violation of the restraining notices is punishable by contempt of court. *Adidas Sportschufabriken v. New Generation*, 1995 WL 646213, at *3 (S.D.N.Y. Nov. 3, 1995). By way of appropriate sanction, CSX asks this Court to direct Island Rail and Guarantors to reimburse CSX all attorney's fees and costs incurred in connection with this motion.

## CONCLUSION

CSX has established that it is entitled to the funds owed by Island Rail and Guarantors to Emjay that are either currently held by Island Rail and Guarantors, or were paid by Island Rail and Guarantors to others in knowing violation of the restraining notices. CSX maintains a Judgment in the amount of $1,056,444.15 against Emjay.

To the extent Island Rail and Guarantors owe money due under the Note to Emjay, CSX is entitled to turnover of funds otherwise due to Emjay under N.Y. C.P.L.R. §§ 5225 and 5227. Alternatively, if payments were made by Island Rail and Guarantors in violation of the restraining notices, CSX is entitled to monetary damages in the amount of $1,056,444.15 from Island Rail and Guarantors. Additionally if payments were made in willful violation of the

restraining notices, Island Rail and Guarantors should be found in contempt of Court according to N.Y. C.P.L.R. § 5251 until payment in full is made to CSX, and CSX should be awarded its attorney's fees in connection with this enforcement.

                                                Respectfully submitted,

DATED this 12th day of June, 2015        By: /s/ Eric C. Palombo
                                                       Eric C. Palombo
                                                       KEENAN COHEN &MERRICK P.C.
                                                       165 Township Line Rd, Suite 2400
                                                       Jenkintown, PA19046
                                                       jcohen@freightlaw.net
                                                       epalombo@freightlaw.net
                                                       Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2015 a true and correct copy of this Memorandum of Law was electronically filed with the Clerk of the United States District Court and that a review of the Court's docket indicates that copies of this document have been served to Emjay by regular mail, certified mail, return receipt requested, and to Emjay's counsel of record by certified mail to the following addresses:

Michael Cholowsky
*Chief Executive Officer for Emjay Environmental Recycling, LTD*
Emjay Environmental Recycling, LTD
80 Emjay Boulevard
Brentwood, New York 11717

Brian Gardner, Esq.
SULLIVAN GARDNER P.C.
*Attorneys for Defendant, Emjay Environmental Recycling, LTD*
7 East 20th Street
New York, New York 10003
(212) 687-5900

Service on Island Rail and Guarantors was done by personal service, to the following address:

Vincent Maggio, Jr.
*Chief Executive Officer for Island Rail Terminal, Inc., Maggio Sanitation Service, Inc, and Eastern Resource Recycling, Inc.*
88 Old Dock Road
Yaphank, New York 11980

                                              **KEENAN COHEN &MERRICK P.C.**

                                              By: /s/ Eric C. Palombo
                                                   Eric C. Palombo