UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
CSX TRANSPORTATION, INC.,

                         Plaintiff,

          -against-                        <u>MEMORANDUM & ORDER</u>
                                           12-CV-1865(JS)(AKT)
EMJAY ENVIRONMENTAL RECYCLING, LTD.,

                         Defendant,

              -against-

ISLAND RAIL TERMINAL, INC., MAGGIO
SANITATION SERVICE, INC., and EASTERN
RESOURCE RECYCLING, INC.,

                    Garnishees subject to
                    Restraining notices.
------------------------------------x
APPEARANCES
For Plaintiff:       Christopher Merrick, Esq.
                     Benjamin Mann, Esq.
                     Eric C. Palombo, Esq.
                     Kennan Cohen & Howard PC
                     One Pitcairn Pl., Suite 2400
                     165 Township Line Rd.
                     Jenkintown, PA 19046

                     John Joseph Morris, Esq.
                     Kelly, Rode & Kelly, LLP
                     330 Old Country Rd.
                     Mineola, NY 11501

For Defendant and
Garnishees:          Brian Lee Gardner, Esq.
                     Cole Schotz Meisel Forman & Leonard P.A.
                     900 Third Ave., 16th Fl.
                     New York, NY 10022

SEYBERT, District Judge:

          Plaintiff CSX Transportation, Inc. ("CSX") holds a

judgment against Defendant Emjay Environmental Recycling, Ltd.

("Emjay") for $1,056,444.15 (the "Judgment"). (Docket Entry 79.)
Two motions are now pending before the Court. First, CSX seeks a
turnover order, under Federal Rule of Civil Procedure 69 and New
York Civil Practice Law and Rules ("C.P.L.R.") §§ 5225(b) and 5227,
requiring three non-party garnishees--Island Rail Terminal, Inc.
("Island Rail"), Maggio Sanitation Service, Inc. ("Maggio"), and
Eastern Resource Recycling, Inc. ("Eastern Resource" and,
collectively, the "Garnishees")--to satisfy the Judgment. (Docket
Entry 81.) Second, CSX requests that the Court extend the duration
of CSX's levy of execution against the Garnishees until the Court
rules on the turnover order. (Docket Entry 87.) For the following
reasons, the Court orders the Garnishees to turn over $1,056,444.15
to CSX to satisfy the Judgment, and CSX's motion to extend the
duration of its levy is DISMISSED AS MOOT.

<u>BACKGROUND</u>

        The Court assumes familiarity with the facts of this
case, which are chronicled in the Court's Memorandum and Order
dated August 20, 2014. (<u>See</u> Docket Entry 69.) The salient details
are discussed below.

        On September 25, 2014, the Court entered an amended
judgment in favor of CSX for $1,056,444.15.[1] (Docket Entry 79.)

---

[1] On November 4, 2015, the United States Court of Appeals for the
Second Circuit affirmed this Court's decision. (Docket Entry
89.) Thus, neither Emjay nor the Garnishees can further
challenge CSX's judgment.

Two years earlier, Emjay sold substantially all of its assets to Island Rail through an Asset Purchase Agreement and a Promissory Note (the "Contract"). (Behar Decl., Docket Entry 82, ¶ 3; see generally Contract, Docket Entry 81-3.) Both Maggio and Eastern Resource served as Island Rail's guarantors. (Contract at 3.)[2]

On November 12, 2014, CSX served the Garnishees with restraining notices (the "Restraining Notices"[3]) because the Garnishees owe Emjay $3.5 million based on certain promissory notes and guaranties. (See Restraining Notices, Docket Entry 81-4, at 7, 15, 25; Promissory Note[4] at 34; June 4, 2015 Ltr., Behar Decl. Ex. H, Docket Entry 82-8, at 2.) The Restraining Notices prohibited "any sale, assignment or transfer" of any debt owed by the Garnishees to Emjay except as otherwise provided. (See, e.g., Restraining Notices at 2.) As relevant here, the Restraining Notices permitted the Garnishees to dispense any funds "'pursuant to an order of the court.'" (See, e.g., Restraining Notices at 3 (quoting N.Y. C.P.L.R. § 5222(b) (McKinney 2009) (emphasis added)).)

---

[2] For the purposes of this Memorandum and Order, the Court will use the page numbers generated by the Electronic Case Filing System when referring to the parties' exhibits.

[3] The Restraining Notices for Island Rail, Maggio, and Eastern Resource can be found at Docket Entry 81-4 at 2-9, 10-17, and 18-25, respectively.

[4] The Promissory Note can be found at Docket Entry 81-3 at 33-42.

Despite service of the Restraining Notices, however, the Garnishees negotiated a settlement agreement in two state court actions relating to Emjay. (Behar Decl. ¶¶ 3, 6, 22.) In the first case, Emjay filed suit against the Garnishees to foreclose on the Contract, and the second case was brought against Emjay by its creditors. (Behar Decl. ¶¶ 3, 6.) Both cases were consolidated for settlement purposes (the "Consolidated Action") in Suffolk County Supreme Court (the "State Court"). (Behar Decl. ¶ 7.) Although CSX was not a party to the Consolidated Action, CSX was invited to participate in settlement discussions. (Behar Decl. ¶ 14.) CSX initially agreed to participate but later opted out. (Behar Decl. ¶¶ 16-17, 19-21.) The parties to the Consolidated Action--the Garnishees, Emjay, and its creditors-- eventually reached a settlement agreement, which the State Court "So Ordered" on February 26, 2015 (the "Settlement Order"). (Behar Decl. ¶ 22; see generally Feb. 26, 2015 Stipulation and Order, Docket Entry 82-2.) Based on the record, the parties to the Consolidated Action never informed the State Court that CSX had issued Restraining Notices to the Garnishees. (See, e.g., Feb. 24, 2015 Settlement Conf. Tr., Docket Entry 82-3, 6:24-7:25, 12:10-13:7, 19:3-18.)

The Garnishees settled the Consolidated Action for $2.2 million with three parties based on the Garnishees' credit-related defense, their counterclaims against Emjay, and their

ability to pay. (Behar Decl. ¶ 7.) Following the Settlement Order, the Garnishees issued a check to CSX for $8,015.03, which represented the remainder of the proceeds of the Garnishees' debt to Emjay. (June 25, 2015 Ltr., Behar Decl. Ex. J, Docket Entry 82-10.)

CSX now seeks a turnover order requiring the Garnishees to satisfy CSX's Judgment against Emjay.[5] (Docket Entry 81.) CSX argues that the Garnishees failed to follow their post-Judgment obligations by ignoring the Restraining Notices. (Pl.'s Br., Docket Entry 81-1, at 2-5.) Alternatively, CSX asserts that if the Garnishees already distributed the funds under the Settlement Order, CSX is entitled to a damage award and an order of contempt against the Garnishees. (Pl.'s Br. at 5-10.) In opposition, the Garnishees contend that CSX's motion is procedurally improper and meritless. (Garnishees' Br., Docket Entry 83, at 7-14.)

## DISCUSSION

Under New York law, which is made applicable in this Court by Federal Rule of Civil Procedure 69, a judgment creditor may institute a turnover proceeding requiring a third party to turn over any money or property it holds for a judgment debtor. N.Y. C.P.L.R. § 5225(b) (McKinney 1964); see also FED. R. CIV. P.

---

[5] CSX also requests that the Court extend the duration of CSX's levy of execution against the Garnishees, (Docket Entry 87), but in light of the Court's ruling below, that issue is DISMISSED AS MOOT.

69(a)(1) (providing that the procedure to enforce a money judgment "must accord with the procedure of the state where the court is located").  Specifically, New York C.P.L.R. § 5225(b) provides that:

> Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money . . . in which the judgment debtor has an interest, or against a person who is a transferee of money . . . from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as sufficient to satisfy the judgment, to the judgment creditor . . . . Notice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested. . . .

N.Y. C.P.L.R. § 5225(b) (McKinney 1964).  Similarly, New York C.P.L.R. § 5227 provides that:

> Upon a special proceeding commenced by the judgment creditor, against any person who it is shown is or will become indebted to the judgment debtor, the court may require such person to pay to the judgment creditor the debt upon maturity, or so much of it as is sufficient to satisfy the judgment . . . or it may direct that a judgment be entered against such person in favor of the judgment creditor . . . . Notice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested. . . .

N.Y. C.P.L.R. § 5227 (McKinney 1963). As this Court has observed, both New York C.P.L.R. §§ 5225 and 5227 are "'essentially interchangeable.'" LaBarbera v. Audax Constr. Corp., 971 F. Supp. 2d 273, 278 (E.D.N.Y. 2013) (quoting Phoenician Trading Partners LP v. Iseson, No. 14-CV-2178, 2004 WL 3152394, at *2-3 (E.D.N.Y. Dec. 11, 2004)).

Before reaching the merits, the Court must first dispense with the Garnishees' procedural defenses. Essentially, the Garnishees make two arguments: (1) CSX's motion is procedurally improper because CSX's requested relief--a return of funds--must be brought by a plenary action, not a motion (Garnishees' Br. at 7-8); and (2) alternatively, the doctrine of laches bars any claims because CSX allowed the State Court to reach the Settlement Order and now seeks to overturn it, (Garnishees' Br. at 8-9.)[6]

---

[6] To the extent that the Garnishees raise a personal jurisdiction defense for improper service of process, that defense fails. For a turnover proceeding, "the court need only have in personam jurisdiction over the garnishee." N. Mariana Islands v. Millard, 845 F. Supp. 2d 579, 583 (S.D.N.Y. 2012) (emphasis in original). Here, CSX has properly served the Garnishees under Federal Rule of Civil Procedure 4(h)(1)(B) and New York C.P.L.R. § 311. Under the Federal Rules, a domestic corporation may be served "by delivering a copy of the summons and of the complaint to . . . any . . . agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). Similarly, under New York's rules, a domestic corporation may be served by personal service "to any . . . agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311 (McKinney 1999). In June 2015, CSX personally served an agent authorized to accept service on behalf of the Garnishees. (See Aff. of Service, Docket Entry 85-1.)

The Garnishees' first argument--that CSX's requested relief must be brought by a plenary action--is without merit. (<u>See</u> Garnishees' Br. at 7-8.) "Nearly every court in this Circuit to consider the issue has held that parties can bring a motion under FRCP 69(a), rather than instituting a special proceeding under the New York state law." <u>N. Mariana Islands</u>, 845 F. Supp. 2d at 581-82; <u>see</u> <u>also</u> <u>Mitchell v. Lyons Prof'l Servs., Inc.</u>, 727 F. Supp. 2d 120, 125 (E.D.N.Y. 2010) ("Here, other than the generation of an additional filing fee for the commencement of a separate proceeding in this Court, there seems no reason to compel plaintiffs to start over when there is a vehicle for relief presently pending."). On that basis, this argument is easily disregarded.

Nor does the doctrine of laches, which the Garnishees rely on, offer any support. (<u>See</u> Garnishees' Br. at 8-9.) To begin with, "[l]aches is an equitable defense that bars a plaintiff's claim" if that plaintiff acted with an unreasonable delay that resulted in prejudice. <u>Imagineering, Inc. v. Lukingbeal</u>, No. 94-CV-2589, 1997 WL 363591, at *2 (S.D.N.Y. June 30, 1997). The Garnishees, by asserting the defense, bear the burden of proof. <u>See</u> <u>id.</u> The analysis is fact-intensive, and the determination of whether laches applies is the Court's to make. <u>Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.</u>, 17 F.3d 38, 44 (2d Cir. 1994), <u>cert.</u> <u>denied</u>, 513 U.S. 987, 115 S. Ct. 484, 130

L. Ed. 2d 396 (1994) (finding that the laches analysis is "entirely within the discretion of the trial court").

But there is no prejudice here. CSX issued the Restraining Notices three months before the State Court "So Ordered" the Settlement Order. (See Restraining Notices at 7, 15, 25; Behar Decl. ¶ 22.) And CSX was never named in the Consolidated Action, nor was it required to participate in settlement discussions. (See Behar Decl. ¶ 14.) If the parties to the Consolidated Action wanted to subject CSX to the Settlement Order, the proper remedy was joinder. Thus, the Court finds in its discretion that the doctrine of laches does not apply.

The Court must now engage in a two-step inquiry to determine whether money in the Garnishees' possession should be turned over to CSX. See Beauvais v. Allegiance Secs., Inc., 942 F.2d 838, 840-41 (2d Cir. 1991). First, the judgment debtor-- here, Emjay--must have an interest in the money or property being sought by the creditor. Id. at 840. Second, the Court must then determine if one of the following two conditions are satisfied: (1) "the judgment debtor is entitled to the possession of such property," or (2) "the judgment creditor's rights to the property are superior to those of the party in whose possession it is." Id. (internal quotation marks omitted).

The first step is undisputed, as Emjay has an interest in the money held by the Garnishees. See id. at 841 ("A debtor

obviously has an interest in its own money or property held by a third party . . . ."). For the second step, however, the Garnishees argue that "CSX cannot show, and does not show, that it has the requisite superior right." (Garnishees' Br. at 11.) While that may be true, a party may alternatively show that the judgment debtor is entitled to possession of any money or property held by the third party. Beauvais, 942 F.2d at 840. Here, the Garnishees owe Emjay $3.5 million based on certain promissory notes and guaranties--funds that would ostensibly be paid to CSX by Emjay to satisfy the judgment. (See Promissory Note at 34; June 4, 2015 Ltr. at 2.) And nothing in the record limits that right. Cf. Beauvais, 942 F.2d at 841 (finding that the debtor was not entitled to possession of certain funds because a clearing agreement gave the garnishee "the right to apply them to [the debtor's] unpaid balance for services rendered to it or its customers") and Dussault v. Republic of Arg., 616 F. App'x 26, 27 (2d Cir. 2015) (holding that because a district court ordered the garnishee to "retain the Funds in its accounts . . . pending further Order of this Court," the debtor was not entitled to possession of the funds) (internal quotation marks omitted).

Even still, the Garnishees argue that the Settlement Order was made by a Court Order, which is permitted by New York C.P.L.R. § 5222. (Garnishees' Br. at 12-13.) But as the Supreme Court has instructed, context is critical. Davis v. Mich. Dep't

10

of Treasury, 489 U.S. 803, 809, 109 S. Ct. 1500, 1504, 103 L. Ed. 2d 891 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").  As relevant here, New York C.P.L.R. § 5222 provides the following instructions on restraining notices:

> (a) Issuance; on whom served; form; service.  A restraining notice may be issued <u>by the clerk of the court or the attorney for the judgment creditor as officer of the court</u> . . . . [7]
>
> (b)  Effect  of  restraint;  prohibition  of transfer;  duration.   A judgment debtor or obligor served with a restraining notice is forbidden  to  make  or  suffer  any  sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or <u>pursuant to an order of the court</u>, until  the  judgment  or  order  is satisfied or vacated.

N.Y. C.P.L.R. § 5222(a)-(b) (McKinney 2009) (emphasis added).[8]  In both provisions, the statute refers to "the court," not "a court" or "any court."  Thus, a logical reading of the statute indicates that only an order from the court that issued the judgment will suffice.  To hold otherwise would bleed the statute of its meaning

---

[7] Benjamin Mann, Esq., on behalf of CSX, issued the Restraining Notices to the Garnishees.  (Restraining Notices at 7, 15, 25.)

[8] Subdivisions (h) and (i) are inapplicable here, and a sheriff did not relieve the Garnishees of their obligations under the Restraining Notices.

and allow one court to dissolve the order of another court. Of course, the Settlement Order is owed full faith and credit by this Court. See Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 373, 116 S. Ct. 873, 877, 134 L. Ed. 2d 6 (1996) (citing 28 U.S.C. § 1738). At the same time, however, the State Court must also recognize this Court's Orders. See Travia v. Lomenzo, 86 S. Ct. 7, 8, 15 L. Ed. 2d 46 (1965) ("[T]he Supremacy Clause of the Federal Constitution requires the state courts to give recognition to the District Court's order."). Based on the record, the State Court judge was never apprised of the Restraining Notices. (See, e.g., Feb. 24, 2015 Settlement Conf. Tr 6:24-7:25, 12:10-13:7, 19:3-18.) Since this Court did not issue an order permitting the transfer of funds, the Court orders the Garnishees to turn over $1,056,444.15 to CSX to satisfy the Judgment.

Alternatively, to the extent that the Garnishees have already made disbursements under the Settlement Order, CSX is entitled to damages in the amount of the Judgment: $1,056,444.15. As more than one court has expressed, a third party "may be held liable to a judgment creditor for its negligence in complying with a restraining notice." Mazzuka v. Bank of N. Am., 53 Misc. 2d 1053, 1056, 280 N.Y.S.2d 495, 499 (N.Y.C. Civ. Ct. 1967); Cruz v. TD Bank, N.A., 711 F.3d 261, 268-69 n.8 (2d Cir. 2013) (collecting cases); Sumitomo Shoji v. Chemical Bank N.Y. Trust Co., 47 Misc. 2d 741, 745, 263 N.Y.S.2d 354, 358 (Sup. Ct. N.Y. Cty. 1965) ("If

such person does make payment or transfer in disregard of the restraining notice, he takes the risk of liability for damages . . . if the judgment creditor can establish that the debt was owed to the judgment debtor or that he had an interest in such property.") aff'd, 25 App. Div. 2d 499, 267 N.Y.S.2d 477 (1st Dep't 1966). It bears emphasizing that "'there is no willfulness requirement for imposition of money damages, [but] there must at least be a showing of negligence in failing to comply with the restraining notice.'" Doubet, LLC v. Trs. of Columbia Univ. in the City of N.Y., No. 401544/2007, 2011 WL 2636259, at *18 (Sup. Ct. N.Y. Cty. July 6, 2011) (quoting Sec. Trust Co. of Rochester v. Magar Homes, 92 A.D.2d 714, 715, 461 N.Y.S.2d 103, 104 (4th Dep't 1983)) (alteration in original). If that standard is met, the amount of damages is "the amount of the judgment remaining unsatisfied, but limited to the amount in the account which would have been available to satisfy the judgment . . . and costs." Nardone v. Long Island Trust Co., 40 A.D.2d 697, 697, 336 N.Y.S.2d 325, 327 (2d Dep't 1972).

As discussed above, the Garnishees acted negligently by ignoring the Restraining Notices because only an order from this Court could alter the Garnishees' obligations. Here, the amount of the unsatisfied judgment is $1,056,444.15, and the Garnishees would have had that amount available if they did not violate the Restraining Notices. (See Promissory Note at 34.) In fact, the

13

Garnishees settled the Consolidated Action for $2.2 million. (Behar Decl. ¶ 7.) Thus, if the Garnishees have already distributed the funds under the Settlement Order, CSX is entitled to $1,056,444.15.

In addition to damages, CSX moves for its attorney's fees incurred in making its turnover motion arguing that the Garnishees should be held in contempt. (Pl.'s Br. at 8-10.) As an initial matter, this Court has broad discretion in imposing sanctions to ensure future compliance with its Orders and to compensate a party for its losses. U.S. v. Visa U.S.A., Inc., No. 98-CV-7076, 2007 WL 1741885, at *3 (S.D.N.Y. June 15, 2007) (collecting cases); see N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1353 (2d Cir. 1989). New York C.P.L.R. § 5251 provides, in pertinent part, that "[r]efusal or willful neglect" to obey a restraining notice is punishable as a contempt of court. N.Y. C.P.L.R. § 5251 (McKinney 1965). CSX, as the party seeking compensation, bears the burden of proving that the Garnishees' actions were willful by clear and convincing evidence. See King v. Allied Vision, Ltd., 919 F. Supp. 747, 752 (S.D.N.Y. 1996). Contempt is willful when a party had the capacity to comply with a court order but did not make a good faith effort to do so. Id.

The Court finds that CSX has failed to meet its burden. Although the Garnishees violated the Restraining Notices, they invited CSX to participate in the settlement discussions and

discussed CSX's role with the State Court. (Behar Decl. ¶¶ 14, 16-17, 19-21.) To be sure, CSX correctly points out that no party in the Consolidated Action informed the State Court that CSX served the Restraining Notices. (Pl.'s Reply Br., Docket Entry 85, at 2 n.2.) But using that inference to say that the Garnishees acted in bad faith goes too far. Cf. Upjohn Co. v. Medtron Labs., Inc., 894 F. Supp. 126, 135 (S.D.N.Y. 1995) (finding that actions were willful because a party "sought to evade the Court's authority through an illusive trail of feigned ignorance, faulty recordkeeping, questionable documentation and hidden [dealings]"). Thus, CSX is not entitled to its attorney's fees.

## CONCLUSION

The Court orders Island Rail Terminal, Inc., Maggio Sanitation Service, Inc., and Eastern Resource Recycling, Inc. to turn over $1,056,444.15 to Plaintiff CSX Transportation, Inc. to satisfy the Judgment. (Docket Entry 81.) If the amounts under the Settlement Order have already been distributed, CSX may apply to the Court for a judgment. CSX's application for attorney's fees is DENIED. CSX's motion to extend the duration of its levy is DISMISSED AS MOOT. (Docket Entry 87.)

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     February __25__, 2016
           Central Islip, New York